| | | |
|---|---|---|
| **Marquis Munroe (Plaintiff),** | : | **United States District Court** |
| **v.** | : | **Eastern District Pennsylvania - Civil** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 23-cv-00752** |

**AMENDED COMPLAINT**

Filed on Behalf of the Plaintiff

Counsel of Record for This Party:

D. Wesley Cornish, Esquire
PA ID# 310865
cornerstonelegalgroup@gmail.com

Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
(P) 212-444-2039 (F) 212-535-7365

**JURY TRIAL DEMANDED**

| **Marquis Munroe (Plaintiff),** | : | **United States District Court** |
|---|---|---|
| **v.** | : | **Eastern District Pennsylvania - Civil** |
| **VisionQuest National LTD, (Defendant)** | : | **No. 23-cv-00752** |

## NOTICE TO DEFEND

YOU HAVE BEEN SUED IN COURT. If you wish to defend against the claims set forth in the following pages, you must take action within TWENTY (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the clams set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND WHERE YOU CAN GET LEGAL HELP

**PA Lawyer Referral Services:**
PA Bar Association
100 South Street Harrisburg, PA 17108
Phone (800) 692-7375

**Chester County Bar Association**
Lawyer Referral & Information Service
15 West Gay Street, West Chester, PA 19381
Phone (610) 429-1500

## AMERICANS WITH DISABILITIES ACT OF 1990

The Court of Common Pleas is required by law to comply with the Americans with Disabilities Act of 1990. For information about accessible facilities and reasonable accommodations available to disabled individuals having business before the Court, please contact the Court Administrator's Office. All arrangements must be made at least 72 hours prior to any hearing or business before the Court. You must attend the scheduled conference or hearing.

## AVISO

Lehan demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificaci6n. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificaci6n. Ademas, la corte puede decider a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantespara usted. LLEVE EST A DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DfNERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUY A DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. ASOCIACION DE LICENCIADOS DE FILADELFIA

**Chester County Bar Association**
Lawyer Referral Service
15 West Gay Street, West Chester, PA 19381
Phone (610) 429-1500

| Marquis Munroe (Plaintiff),<br>v.<br>VisionQuest National LTD, (Defendant) | :<br>:<br>: | United States District Court<br>Eastern District Pennsylvania - Civil<br>No. 23-cv-00752 |
|---|---|---|

## AMENDED COMPLAINT

**AND NOW** come the Plaintiff, Marquis Munroe, via his attorney, David Wesley Cornish, Esquire and Cornerstone Legal Group, files the within Complaint and in support thereof avers the following:

## I. Introduction

1. Treatment and rehabilitation centers have an inherent responsibility to maintain honesty, integrity, and inclusiveness within their walls. These treatment facilities perform an important job of taking at-risk youth and guiding them towards a productive future, cultivating senses of hope, friendliness, and enthusiasm that the clients will take with them once they leave the facility.
2. This inherent responsibility is shattered once such a facility fails to maintain such an environment. More emphatically, an even greater evil is committed when the treatment and rehabilitation center play an active and direct role by promoting and allowing reprehensible methods of rehabilitation. These methods, when condoned either by action or inaction by these centers, irreparably harms those at-risk individuals who willingly, or unwillingly, enter into these facilities seeking help.
3. The young, at-risk clients placed under the care of VisionQuest National, LTD ("VisionQuest"), which was a facility operated and staffed by all the named Defendants, who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its employees, staff, agents, contractors, and volunteers.

4. The Plaintiff Holloway brings claims against the above-named Defendant for Respondeat Superior, negligence, negligent hiring, supervision, and retention.

## II. Parties

5. Plaintiff, **Marquis Munroe** is an adult individual and resident of the Commonwealth of Pennsylvania.

6. Defendant, **VisionQuest National LTD** with a corporate headquarters office at 600 North Swan Road Tucson, AZ 85711 and in Pennsylvania at corporate headquarters 150 East Pennsylvania Avenue, Suite 430 Downingtown, PA 19335.

7. The young, at-risk clients placed under the care of VisionQuest National, LTD, ("VisionQuest") including Plaintiff who sought treatment and behavioral health services suffered an immeasurable amount of trauma and mistreatment due to the inexcusable culture VisionQuest cultivated, embodied by its supervisors, employees, and staff.

8. The above-named Plaintiff brings claims against the above-named Defendant for Respondeat Superior, negligence, and negligent hiring, supervision, and retention.

## III. Facts

9. VisionQuest receives "clients" as part of a referral program wherein delinquent youths are legally sent to a specific VisionQuest facility as part of a rehabilitation or treatment process. VisionQuest conducts a *Prospective Client Interview* which includes the reason for the referral and determines, based on other factors, whether the client is fit for the recommended program. VisionQuest is a treatment center that serves almost exclusively legally referred clients. VisionQuest had numerous facilities across the Commonwealth of Pennsylvania with a corporate headquarters in Chester County.

***Marquis Munroe's Experience***

10. Plaintiff was court-ordered to reside at VisionQuest.

11. At all times relevant hereto, Plaintiff was a victim of sexual abuse during his time at Defendant VisionQuest's facility by its staff members.

12. Plaintiff was housed for classification and assignment purposes to a specific program for a portion of his commitment to VisionQuest at their Chester County facility, near Embreeville, Pennsylvania.

13. Plaintiff avers Defendant knew or should have known that its employee(s) had committed acts of abuse upon one or more of the other residents of its facility(ies) prior to the time that plaintiff herein was subjected to the acts of sexual abuse that are the subject of this filing.

14. Plaintiff describes the following incidents involving sexual assault while he was housed at the Defendant's facility:

    a. At all times material hereto, Plaintiff, Marquis Munroe, was a minor and was approximately 15 years old when court-ordered to reside and was subjected to abuse by defendant VisionQuest in 2010-2011.

    b. At all times material hereto, **Mr. Cross** was a staff and/or teacher and/or counselor and/or ostensible agent at/of VisionQuest.

    c. At all times material hereto, **Mr. Ross** was a staff and/or teacher and/or counselor and/or ostensible agent at/of VisionQuest.

    d. In approximately 2010-2011 In 2011, when Marquis Munroe was at or around 17 years old, Plaintiff was sexually abused by **Mr. Cross** and **Mr. Ross** during Plaintiff's time as a student and/or resident at VisionQuest.

e. Plaintiff was held down and had his genitals touched both over and underneath his clothing by these staff members.

f. Marquis Munroe was provided gifts, privileges, experiences, and other rewards in addition to the activities and awards normally part of his residency program.

g. Marquis Munroe' abusers made his family think they could be trusted.

h. As a result of this outrageous abuse, Marquis Munroe felt enormous shame, humiliation, guilt, depression, anxiety, and anger.

i. Marquis Munroe developed enormous depression, anxiety, and anger issues as a result of the sexual abuse he sustained at VisionQuest, including from **Mr. Cross** and **Mr. Ross** and/or other staff members.

j. Plaintiff was abused by **Mr. Cross** and **Mr. Ross** and/or other staff members in the type and manner outlined above.

15. Specifically, regarding staff member(s) **Mr. Cross and Mr. Ross** it is averred the physical contact made with Plaintiff's genitals/intimate private areas was indecent contact for the purpose of arousing the aforementioned individual.

16. The supervisors, employees, administrators, and/or staff members implicated who directly caused the harm to Plaintiff and/or threatened Plaintiff were acting within the scope of their duties as counselors and caretakers to Plaintiff.

17. It is averred Defendant's staff, supervisors, administrators, and employees actively discouraged and prevented disclosure to third-parties about any claims of child abuse against any staff member at any facility operated by the Defendant.

**Count 1 - Respondeat Superior**

18. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

19. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 ***et seq***; 55 Pa.C.S.A. §3800 ***et seq***; 42 Pa.C.S.A. §§ 6327(a) ***et seq***.; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

20. At all times relevant hereto, employees and staff members implicated in the prior paragraphs were acting under the exclusive control, direction, and supervision of Defendant when the negligent acts alleged took place.

21. Employees, supervisors, and staff members engaged in the activity described in prior paragraphs while acting in the course and scope of their employment with Defendant by working with the juveniles at the facility.

22. While serving as servants and agents of Defendant, the supervisors, employees, and staff members implicated by the allegations in the prior paragraphs caused the Plaintiff to suffer the child abuse alleged herein by virtue of their job-created authority.

23. As a result of the foregoing, Defendant is liable for the negligent, reckless, careless, and/or intentional conduct of the employees under the theory of vicarious liability, including the doctrine of Respondeat Superior.

**WHEREFORE,** Plaintiff Bason demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of

damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages

**Count 2 – Negligence**

24. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

25. The Defendant and its staff members had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 ***et seq***; 55 Pa.C.S.A. §3800 ***et seq***; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

26. The damages sustained by Plaintiff Bason were directly, and proximately caused by the carelessness, negligence, and/or recklessness of the Defendant at the Abraxas facility in the following particulars:

    a. In failing to maintain a reasonably safe environment for the patients and juveniles of the facility;

    b. In failing to recognize, stop, and deter the employees and staff created an environment where employees and staff were allowed to perform the activities alleged in this pleading;

    c. In allowing staff and employees who Defendant knew or reasonably should have known to be inappropriate to have access to juvenile students and clients who are at-risk and who are in a position of inferiority;

    d. In failing to provide any oversight to the employees or staff given the written reports, complaints, and witnessing of these acts of sexual abuse conducted by supervisors and administrators;

    e. In failing to take proper remedial measures to actively combat allegations of sexual abuse by its employees, staff, or residents despite numerous allegations of such abuse;

f. In failing to meet the required standards of care of a mental health and juvenile treatment and/or rehabilitation facility pursuant to 55 Pa.C.S.A. §3680 ***et seq***; 55 Pa.C.S.A. §3800 ***et seq***; and all other related child abuse mandatory reporting requirement laws applicable to child residential facilities, while Plaintiff was in its care;

g. In dismissing legitimate claims of abuse by Plaintiff and other students similarly situated who had been abused in Plaintiff's presence;

27. As the sole, direct, legal, and proximate result of the negligence of Defendant at the Abraxas facility, as aforesaid, Plaintiff has suffered the following injuries:

a. Plaintiff's social ability has been injured to the extent that Plaintiff cannot, or has difficulty with maintaining trust of others, forming friendships and relationships, and continues to isolate himself;

b. Plaintiff was deprived of educational opportunities, by the Defendant and;

28. As the sole, direct, legal, and proximate result of the negligence of Defendant at the Abraxas facility, as aforesaid, Plaintiff has suffered the following damages:

c. Immense on-going embarrassment and humiliation;

d. Loss of self-esteem and shame;

e. Emotional distress;

f. Nightmares, loss of sleep, anxiety and other physical manifestations of the injuries caused by the events described above.

    g. Aggravation and/or exacerbation of pre-existing mental anguish and trauma;

h. Severe mental anguish and trauma;

i. Anxiety, depression, nausea and loss of sleep;

j. A loss of enjoyment of life;

k. A loss of the ability to form relationships and inability to trust others;

l. A loss of earnings and earning capacity during those periods Plaintiff was unable to work due to trauma;

m. Loss of educational opportunities and;

29. This incident was caused solely by the carelessness, negligence, and/or recklessness of Defendant and Plaintiff's injuries were in no manner or part whatsoever due to any act or failure on part of Plaintiff.

**WHEREFORE,** Plaintiff Bason demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages

**Count 3 – Negligent Supervision**

30. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

31. The Defendant and its staff members, supervisors, and administrators had a duty to report child abuse when a reasonable belief exists it occurred, and the Defendant breached this duty and failed to notify the proper authorities about the Plaintiff's abuse as required by 55 Pa.C.S.A. §3680 ***et seq***; 55 Pa.C.S.A. §3800 ***et seq***; and all other applicable child abuse reporting requirement laws related to mandatory abuse reporters and applicable to Defendant's facility.

32. The conduct of the staff during its interactions with the Plaintiff and the actions of the staff against other juvenile students within Plaintiff's view was so outrageous it shocks the conscious.

33. The staff members' conduct, especially **Mr. Cross and Mr. Ross**, in assaulting Plaintiff Bason, is so outrageous it shocks the conscious.

34. The Defendant gave improper and/or ambiguous orders and failed to make proper regulations related to investigating, preventing, and reporting child in particular regarding the Plaintiff.

35. The Defendants failed to oversee the activities of numerous staff members, including supervisors, employed by the Defendant.

36. The Defendant permitted and failed to prevent negligent or other tortious conduct by persons, including its staff, upon its premises and with instrumentalities under his control.

37. At all times relevant hereto, all treatment and counseling provided to Plaintiff and supervision of Plaintiff was under the direction and supervision of Defendant, acting through its agents, employees, servants, workman, and/or independent contractors, including, but not limited to, counselors.

38. Defendant had a duty to enact and maintain policies, procedures, practices, and/or guidelines ("policies", collectively) to ensure that juveniles, such as Plaintiff, received the appropriate and necessary treatment from his assigned counselor.

39. At all times relevant hereto, Defendant had a duty to adequately screen, train, supervise, and discipline employees and prospective employees who would be assigned duties wherein they would treat or supervise juveniles, like Plaintiff.

40. The incidents mentioned in the previous paragraphs were due solely or partially to the negligence, carelessness, recklessness, and/or other liability-producing conduct of Defendant in the following particulars:

   n. In failing to adequately promulgate policies for the screening of prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

   o. In failing to adequately screen prospective and/or hired employees for their fitness to perform treatment to Plaintiff for Defendant and their capacity to use reasonable care to safeguard the health, safety, and welfare of the individuals to whom they were assigned to treat;

   p. In failing to adequately promulgate policies for the training of employees hired to treat patients to use reasonable care to safeguard the health, safety, and welfare of the patients to whom they were assigned to provide care for;

   q. In failing to adequately supervise employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to treat;

   r. In failing to adequately discipline employees hired to treat patients as to their use of reasonable care in safeguarding the health, safety, and welfare of the individuals to whom they were assigned to provide care for;

   s. In failing to adequately promulgate and enforce policies so as to prevent the sexual abuse of its patients caused by its own employees, agents, and staff hired to treat clients; and

    t. In failing to have and/or enforce policies, procedures, protocols, or guidelines necessary for the safety of patients such as Plaintiff.

41. As the sole, direct, legal, and proximate result of the negligence of Defendant, as aforesaid, Plaintiff has suffered the injuries aforementioned in the preceding paragraphs.

**WHEREFORE,** Plaintiff Bason demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages

**Count 4 – Negligent Hiring and Retention**

42. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

43. Defendant, knew and/or should have known prior to and/or contemporaneous with the relevant time frame during which Plaintiff was sexually abused by staff members that Plaintiff and other young children affiliated and/or associated with Defendant were vulnerable to and potential victims of physical and/or emotional abuse.

44. Defendant, also knew and/or should have known prior to and/or contemporaneous with the relevant time frame during which Plaintiff was sexually abused by staff members that the access to vulnerable youths, together with the trust and authority placed in staff and/or teacher, which makes working at a juvenile residential care facility an enticing profession for sexual predators, and/or others seeking to abuse and exploit children.

45. Defendant, owed a duty to exercise reasonable care in the hiring, certifying, assignment, control, selection and/or retention of staff, teacher, counselor, counselors, priests, clergy, employees, agents, servants, representatives, and/or ostensible agents, situated in and/or

located at the Defendants, and specifically a duty to be on high look out for possible pedophiles, sexual predators, and others seeking to abuse and exploit children.

46. Defendant, failed to exercise reasonable care in the hiring, certifying, assignment, control, selection and/or retention of other staff members as staff members, teacher, clergy, employee, agent, servant, representative and/or ostensible agent, among other things, the following:

    a. Failing to conduct a thorough and proper background check of **Mr. Cross and Mr. Ross** and other staff members;

    b. Failing to thoroughly and reasonably investigate **Mr. Cross and Mr. Ross** and other staff members' sexual or physical abuse history;

    c. Failing to learn of or investigate **Mr. Cross and Mr. Ross** and other staff members' history of sexual impropriety with young boys and/or girls and his proclivity to sexual assault young boys and/or girls and/or physical and/or emotional abuse of children;

    d. Failing to conduct a thorough and proper interview of **Mr. Cross and Mr. Ross** and other staff members;

    e. Failing to use due care in the selection of **Mr. Cross and Mr. Ross** and other staff members as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing in loco parentis and/or interacting with children;

    f. Failing to use due care in the retention of **Mr. Cross and Mr. Ross** and staff members as a staff and/or teacher rendering academic, rehabilitation, and/or

delinquent services, and/or all other services rendered when standing in loco parentis and/or interacting with children;

g. Recklessly, negligently and/or carelessly failing to adequately check the background of **Mr. Cross and Mr. Ross** and staff members, before hiring him as a staff and/or teacher rendering academic, rehabilitation, and/or delinquent services, and/or all other services rendered when standing in loco parentis and/or interacting with children; and

h. Recklessly, negligently and/or carelessly failing to have policies and procedures in place to screen **Mr. Cross and Mr. Ross** and other staff and/or teachers for the possibility of being sexual predators and/or physical and/or emotional abusers.

**WHEREFORE,** Plaintiff Bason demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

**Count 5 – Negligent Infliction of Emotional Distress**

47. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

48. The Defendant and its staff members via their negligent acts and/or omissions caused the Plaintiff to suffer extreme and severe emotional pain, suffering, and distress.

49. Plaintiff continues to suffer extreme emotional distress from being sexually abused while a minor at Defendant's facility.

50. Defendant had a duty to protect Plaintiff from harm.

51. Defendant knew Plaintiff was in a more vulnerable position and his safety was entirely with the Defendant's command and control.

**WHEREFORE,** Plaintiff Bason demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

**Count 6 – Intentional Infliction Emotional Distress**

52. Plaintiff hereby incorporate all preceding paragraphs by reference as if set forth fully herein.

53. The Defendant and its staff members via their acts and/or omissions caused the Plaintiff to suffer extreme and severe emotional pain, suffering, and distress.

54. Plaintiff continues to suffer extreme emotional distress from being sexually abused while a minor at Defendant's facility.

55. Defendant had a duty to protect Plaintiff from harm.

56. Defendant knew Plaintiff was in a more vulnerable position and his safety was entirely with the Defendant's command and control.

57. Defendant and its staff members' conduct was extreme and outrageous.

**WHEREFORE,** Plaintiff Bason demands judgement against Defendant, for an amount in excess of the applicable Arbitration Limits, plus costs and interest for all types of damages legally recoverable including but not limited to compensatory, special, exemplary, and punitive damages.

Respectfully Submitted,

______________________

D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Supreme Court # 310865
**Date**: March 9, 2023

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: ______________________________
**Date**: March 9, 2023

## VERIFICATION

The facts set forth in the foregoing Motion are true and correct to the best of the undersigned's knowledge, information and belief and are verified subject to the penalties for unsworn falsification to authorities and perjury pursuant to state and United States law.

Submitted by: Cornerstone Legal Group, LLC
Name: David Wesley Cornish, Esquire
Attorney No.: 310865
Signature: ______________________________
**Date**: March 9, 2023

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that this _____ day of __________, 20_____ a true and correct copy of the foregoing *Complaint* has been served via electronic/mail upon the following:

**Gerald Valentini, Esq.**
Deasey, Mahoney, and Valentini
1601 Market Street, Suite 3400
Philadelphia, PA 19103

Respectfully Submitted,

______________________________
D. Wesley Cornish, Esquire
Cornerstone Legal Group, LLC
230 South Broad Street, 17th Floor
Philadelphia, PA 19102
Phone: 888-313-1385
Supreme Court # 310865
**Date**: March 9, 2023